

RECEIVED

JUN 3 0 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

JUN 3 0 2009

DAVID CREWS, CLERK
BY _____ CLERK
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:09CV110-A-A |
| EPI ADVANCED, LLC  and ENGINEERED PRODUCTS INDUSTRIES, LLC | ) ) ) | COMPLAINT |
| Defendants. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Cathy Johnson and a class of female employees who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 9 through 12 below, the Commission alleges that Cathy Johnson and a class of female employees of were subjected to sexual harassment by Defendant Employers EPI Advanced, LLC, and Engineered Products Industries, LLC ("Defendant Employers").  In addition, the Commission alleges that because Defendant Employers failed to take prompt and effective action to stop the harassment, Ms. Johnson and other females as a class were constructively discharged.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e-5(f)(1) and (3) ("Title VII")and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer EPI Advanced, LLC, wholly owned by Defendant Engineered Products Industries, LLC, has continuously been a Missouri limited liability company doing business in the State of Mississippi and the City of Sherman, Mississippi and has continuously had at least 15 employees.

5. Engineered Products Industries, LLC, owns and operates a production facility in DeQueen, Arkansas and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employers operate a plastics molding company.

2

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Cathy Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Employer EPI Advanced, LLC.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least June 2007, Defendant Employers have engaged in unlawful employment practices at its Sherman, Mississippi location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a).

9.    The unlawful employment practices involved subjecting Cathy Johnson to a sexually hostile work environment because of her sex, female.

a.    Cathy Johnson was placed at Defendant Employers' facility as a temporary employee through Advanced Staffing.

b.    On or around January 26 2007, Ms. Johnson was hired as a full-time employee by Defendant Employers.

c.    Ms. Johnson was placed to work at Defendant EPI Advanced, LLC's location in Sherman, MS.

d.    On January 26, 2007, Ms. Johnson signed an acknowledgement of receipt of a copy of an Employee Handbook and Work Rules from Defendant Employer Engineered Products Industries, LLC.

e.    Around February 2007, Dean Miller, her male supervisor, began subjecting Ms. Johnson to unwelcome sexual harassment on an almost daily basis.

f.    The sexual harassment included lewd and obscene comments of a sexual

3

nature, unwelcomed sexual propositions, requests for dates, sexual jokes, and comments about genitalia to Ms. Johnson.

g. The physical harassment included unwelcomed intimate, physical touching of Ms. Johnson.

h. The supervisor also subjected Ms. Johnson to physical harassment by touching her breasts, placing a screw driver between her legs, and touching her buttocks.

i. From January to June 2007, the supervisor made daily comments of a sexual nature to Ms. Johnson.

j. The unwelcomed sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of Ms. Johnson's employment and to create an abusive working environment.

k. The effect of the practices complained of in paragraphs 9 a-j above has been to deprive Ms. Johnson of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

10. The unlawful employment practice involved subjecting Ms. Johnson to constructive discharge because of the sexual harassment.

a. Defendant Employers have a sexual harassment policy.

b. Ms. Johnson complained about the sexual harassment to her supervisors.

c. Defendant Employers failed to take prompt and effective action to stop the harassment.

d. After Ms. Johnson reported the alleged sexual harassment, the

4

Commission alleges that Defendant Employers failed to take prompt and effective action.

      e.     The supervisor continued to sexually harass Ms. Johnson.

      f.     Around June 2007, Dean Miller, her supervisor, and another male employee threatened to sexually assault Ms. Johnson.

      g.     Ms. Johnson feared for her life and did not return to work.

      h.     Because of their behavior, and Defendant Employers failure to take prompt and effective action, Ms. Johnson was constructively discharged.

      i.     The effect of the practices complained of in paragraphs 10a-h above has been to deprive Ms. Cathy Johnson of equal employment opportunities and to otherwise adversely affect her status as an employee because of constructive discharge.

      11.     The unlawful employment practice involved subjecting females as a class to sexual harassment because of their sex.

      a.     Advanced Staffing placed other female employees at Defendants' Sherman, MS facility during the relevant time period.

      b.     Shortly after female employees were placed at Defendants' facility, Dean Miller, a supervisor, began sexually harassing them.

      c.     Females as a class allege that Dean Miller, supervisor, and other male employees, used vulgar and obscene language of a sexual nature.

      d.     The supervisor and another male employee would grab their genitals and make sexual gestures to the females and make comments of a sexual nature to the females as a class.

5

e.       The supervisor also physically touched and grabbed parts of the females' bodies, including their buttocks and breasts.

f.       The supervisor asked them out on dates and requested that they sleep with him.

g.       The sexual harassment directed at females as a class was sufficiently severe or pervasive to alter the terms and conditions of their employment and to create an abusive working environment.

h.       The effect of the practices complained of in paragraphs 11a-g above has been to deprive females as a class of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

12.       The unlawful employment practices involved subjecting females as a class to constructive discharge.

a.       Many of the females as a class complained to Defendant Employers' supervisors about the alleged harassment.

b.       They also complained to Advanced Staffing's supervisors.

c.       Advanced Staffing's supervisors told the female employees that they could not stop the harassment.

d.       Advanced Staffing's supervisors failed to take any action to stop the alleged sexual harassment.

e.       Defendant Employers have a sexual harassment policy.

f.    ,   Defendant Employers failed to take prompt and effective action to stop the harassment.

6

g.     The supervisor continued to sexually harass females as a class.

h.     Because of the behavior of the supervisor and other male employees, and Defendant Employers' failure to take prompt and effective action, many of the females quit.

i.     The females as a class were forced to quit because of Defendants' sexual harassment and, as a result, they have suffered tangible job consequence because of Defendants' harassment.

j.     The females as a class were constructively discharged.

k.     The effect of the practices complained of in paragraphs 12 a-j above has been to deprive females as a class of equal employment opportunities and to otherwise adversely affect their status as an employee because of constructive discharge.

13.     The unlawful employment practices complained of in paragraphs 9-12 above were, and are, intentional.

14.     The unlawful employment practices complained of in paragraphs 9-12 above were, and are, done with malice or with reckless indifference to the federally protected rights of Cathy Johnson and a class of female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment.

B.     Order Defendant Employers to institute and carry out policies, practices,

7

and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employers to make whole Cathy Johnson and other female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant Employers to make Cathy Johnson and other female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-12 above, in amounts to be determined at trial.

E.     Order Defendant Employers to make whole Cathy Johnson and other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-12 above, including emotional distress, pain and suffering, embarrassment, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.     Order Defendant Employers to pay Cathy Johnson and other female employees punitive damages for its malicious and reckless conduct described in paragraphs 9-12 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

8

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

**DEIDRE SMITH**
Supervisory Trial Attorney
Tennessee Bar No. 018499

**CELIA S. LINER**
Senior Trial Attorney
Arkansas Bar No. 90183

1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0075